# Exhibit 1

(State Court Documents)

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CIVIL ACTION NO.: |
| ) | |
| Alisha F. Barrentine, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| Mark A. Shaw and ) | |
| Hub Group Trucking Inc., ) | |
| ) | |
| Defendants. ) | |

**TO THE DEFENDANTS ABOVE NAMED**:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on THE DERRICK LAW FIRM, at its office at Post Office Box 28, Conway, South Carolina, 29528, within Thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

DATED this 2nd day of June, 2022

*The Derrick Law Firm*

s/Justin J. Arenas

Justin J. Arenas, Esquire (100536)
Attorney for the Plaintiff
PO Box 28
Conway, SC 29528
843-248-7486
843-248-7510
justin.arenas@derricklawfirm.com

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CIVIL ACTION NO.: |
| ) | |
| Alisha F. Barrentine, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | (Jury Trial Requested) |
| ) | |
| Mark A. Shaw, and ) | |
| Hub Group Trucking, Inc., ) | |
| ) | |
| Defendants. ) | |

COMES NOW, Plaintiff, Alisha F. Barrentine (hereinafter "Plaintiff"), by and through her undersigned counsel, complaining of the above-named Defendants, Mark A. Shaw ("Shaw"), and Hub Group Trucking, Inc. ("Hub Group") (hereinafter collectively "Defendants") would respectfully show to this Honorable Court as follows:

1. The Plaintiff is a citizen and resident of Conway, Horry County, South Carolina.

2. Upon information and belief, Defendant Shaw is a citizen and resident of Sunbury, Ohio, but subjects himself to the jurisdiction of this Court by virtue of his use of the public highways in South Carolina.

3. Upon information and belief, Defendant Hub Group Trucking, Inc., is a corporation organized and existing under the laws of the State of North Carolina, but, at all times relevant hereto, transacted business in the State of South Carolina. Defendant Hub Group is subject to jurisdiction of this Court and, at all times relevant hereto, was operating by and through its employees, agents, and/or servants who were acting within the course and scope of their employment.

4. Jurisdiction and venue are proper before this Honorable Court.

## FACTS

5. On September 22, 2021, Plaintiff was the driver of a 2007 Dodge lawfully traveling west on US-378 in Horry County, South Carolina.

6. On September 22, 2021, Defendant Shaw was operating a 2016 Freightliner tractor trailer traveling west on US-378 behind the Plaintiff's vehicle in Horry County, South Carolina.

7. Upon information and belief, the tractor-trailer operated by Defendant Shaw was a commercial motor vehicle involved interstate commerce making it subject to Federal Motor Carrier Safety Administration ("FMCSA") Regulations and applicable South Carolina laws governing the operation of commercial motor vehicles.

8. Upon information and belief, Defendant Shaw willfully, recklessly, and negligently operated his commercial motor vehicle too fast for conditions, failed to keep a proper lookout, and tailgated Plaintiff's vehicle, violently crashing into the rear of Plaintiff's vehicle resulting in a serious and significant collision.

9. Upon information and belief, at the time of the collision, Defendant Shaw was an agent and/or employee of Defendant hub Group acting within the scope and course of his employment and in furtherance of the business of Defendant Hub Group.

10. Upon information and belief, the tractor trailer driven by Defendant Shaw was owned by Defendant Hub Group.

11. At the time of the collision, Defendant Shaw had a duty to drive in conformance with FMCSA regulations, the laws of South Carolina, and industry standards and guidelines

12. As a direct and proximate result of the aforementioned collision, Plaintiff suffered severe and permanent injuries.

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

## FOR A FIRST CAUSE OF ACTION
(Negligence as to all Defendants)

13. The foregoing allegations contained in Paragraphs 1 – 12 are incorporated by reference as if stated herein verbatim.

14. Upon information and belief, Defendant Shaw was an agent, employee, statutory employee, servant or legal representative of Defendant Hub Group and was working in the course and scope of his agency and/or employment such that Hub Group is responsible for the conduct of Shaw under the principles of vicarious liability and *respondeat superior.*

15. That at all times relevant hereto, Defendant Hub Group exercised control over Shaw, and they exercised control to dictate the time, method and manner in which Shaw operated the commercial motor vehicle involved in the collision.

16. That the injuries and damages sustained by Plaintiff were directly and proximately caused and occasioned by the willful, wanton, reckless, careless, negligent and unlawful conduct on the part of Defendant Shaw, individually, and Hub Group vicariously, as he was acting within the course and scope of his relationship with Hub Group.

17. That at all times relevant hereto, Defendant Hub Group had authority and obligation to control its respective agents and/or employees, including Defendant Shaw and to direct how their agents and employees fulfilled their duties, including the schedule and route for all deliveries, operation and maintenance of the tractor and trailers, and at all times the commercial motor vehicle was being operated for their respective and mutual benefit.

18. Defendants were negligent, grossly negligent, reckless, willful, and/or wanton in the following particulars:

    a. In failing to obey traffic laws;

    b. In failing to keep a proper lookout;

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

c. In failing to keep his vehicle under proper control;

d. In failing to use due care;

e. In failing to properly apply the brakes;

f. In failing to take the necessary acts to avoid the impending collision, when she had the last clear chance in which to do so;

g. In driving a motor vehicle in a dangerous and improper manner without regard for the rights of others on said road;

h. In failing to use that degree of care and caution a reasonably prudent person would have used considering the facts and circumstances then and there existing;

i. In operating the tractor-trailer in violation of mandatory State and Federal safety laws, statutes, regulations, and ordinances so as to constitute negligence *per se*;

j. In failing to complete proper and thorough pre-trip inspection of the tractor and trailer;

k. In failing to adhere to FMCSA Regulations and standards;

l. In failing to supervise and train Defendant Shaw;

m. In negligently hiring and retaining Defendant Shaw;

n. In failing to properly maintain and inspect their vehicles;

o. In operating a commercial vehicle in an inattentive and distracted manner;

p. In failing to establish and implement appropriate management controls and systems for the safety and protection of the motoring public;

q. In failing to have adequate policies and procedures to monitor drivers or, if such policies and procedures were in place, in failing to enforce or comply with them;

r. In permitting a careless driver to operate the tractor-trailer;

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

    s. In failing to supervise, train, and oversee Defendant Shaw.

    t. In failing to properly observe the road and surrounding traffic conditions;

    u. In operating the vehicle without using due care and without regard for safety and rights of the public;

    v. In failing to maintain control of the vehicle;

    w. In any other acts that represent a breach of the statutory or common laws of the State of South Carolina;

    x. In failing to use that degree of care and caution necessary in the conditions that then and there existed;

    y. In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

19. Upon information and belief, Defendants actions and/or omissions constitute negligence *per se*.

20. As a direct and proximate result of Defendants' negligent, reckless, willful, and/or wanton conduct, Plaintiff sustained damages, including but not limited to:

    a. Pain and suffering;

    b. Injuries to and about her body;

    c. Limitation of motion;

    d. Worry, mental suffering, mental anguish and mental anxiety;

    e. Permanent impairment, pain, injuries, and disabilities;

    f. Inability to perform her normal duties at work;

    g. Loss of past income;

    h. Loss of future income;

    i. Loss of earning capacity;

    j. Surgical interventions;

    k. Implantation of permanent hardware;

    l. Medical bills;

    m. Loss of enjoyment of life;

    n. Property damage: and

    o. Any other losses which may be unearthed throughout the litigation of this matter.

21. Plaintiff is informed and believe that as a result of the actions outlined above, she should be awarded a judgment against each of the Defendants, both jointly and severally, for actual damages in a sum sufficient to compensate for the losses outlined above, as determined by a trial jury.

22. Additionally, Plaintiff is informed and believes she is entitled to an award of punitive damages against each Defendant individually as a result of the willful, wanton and reckless behavior of each Defendant.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HUB GROUP
(*Respondeat Superior*)

23. The foregoing allegations contained in Paragraphs 1 – 22, including all subparts, are incorporated by reference as if stated here verbatim.

24. The negligent, reckless, willful, and/or wanton acts or omissions committed by Defendant Shaw were done in the course and scope of his employment with Defendant Hub Group.

25. The negligent, reckless, willful, and/or wanton acts or omissions committed by Defendant Shaw were done in the performance and furtherance of Defendant Hub Group's business.

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

26. By virtue of the doctrine of *respondeat superior*, Defendant Hub Group is liable to Plaintiff for all damages caused by the negligent, reckless, willful, and/or wanton acts or omissions of Defendant Shaw while acting as an agent or employee of Defendant Hub Group and within the course and scope of his employment.

27. As a direct and proximate result of the aforesaid acts and/or omissions of the Defendants, Plaintiff sustained damages, including but not limited to:

   a. Pain and suffering;

   b. Injuries to and about her body;

   c. Limitation of motion;

   d. Worry, mental suffering, mental anguish and mental anxiety;

   e. Permanent impairment, pain, injuries, and disabilities;

   f. Inability to perform her normal duties at work;

   g. Loss of past income;

   h. Loss of future income;

   i. Loss of earning capacity;

   j. Surgical interventions;

   k. Implantation of permanent hardware;

   l. Medical bills;

   m. Loss of enjoyment of life;

   n. Property Damage;

   o. Any other losses which may be unearthed throughout the litigation of this matter.

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendants for actual and punitive damages in an appropriate amount, and for the costs of this action and for such other and further relief as this Honorable Court deems just, in an amount to exceed One Hundred Thousand Dollars to be determined a jury.

*The Derrick Law Firm*

s/Justin J. Arenas

_____
Justin J. Arenas, Esquire (100536)
Attorney for the Plaintiff
PO Box 28
Conway, SC 29528
843-248-7486
843-248-7510
justin.arenas@derricklawfirm.com

June 2, 2022
Conway, South Carolina

ELECTRONICALLY FILED - 2022 Jun 02 11:41 AM - HORRY - COMMON PLEAS - CASE#2022CP2603552